# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman First Class DARNELL J. GRAHAM**
**United States Air Force**

**ACM 38809**

**20 October 2015**

Sentence adjudged 10 March 2015 by GCM convened at Kadena Air Base, Okinawa, Japan. Military Judge: Gregory O. Friedland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 8 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Colonel Katherine E. Oler.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a judge alone special court-martial, Appellant was convicted, consistent with his plea, of attempted sexual abuse of a child between 12 and 16 years old, in violation of Article 80, UCMJ, 10 U.S.C. § 880.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 8 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

---

[1] Appellant pleaded not guilty to attempted sexual assault of a child. Pursuant to a pretrial agreement, that specification was withdrawn and dismissed with prejudice after imposition of the sentence.

Although no specific issues were identified for the court, we elect to discuss an omission in the staff judge advocate recommendation (SJAR) where the convening authority was not properly advised on the limited authority to grant clemency under Article 60(c), UCMJ, 10 U.S.C. § 860(c). After review of this issue, we affirm the finding and sentence.

*Background*

Appellant was a first-term airman assigned to Kadena Air Base, Okinawa, Japan. In June 2014, Appellant responded to an online advertisement in a section for women who were looking for men. The advertisement said that the female was 18 years old. On 22 July 2014, "Savanah" returned Appellant's inquiry and they began corresponding through text messages. During her first series of texts, "Savanah" told Appellant that she was 15 years old. "Savanah," however, was actually an investigator working for the Naval Criminal Investigative Service's Child Crimes Task Force. "Savanah" was a fictitious person created by law enforcement to identify potential child sexual predators.

In late July, Appellant directed the text conversation toward his desire to meet with "Savanah" and engage in sexual relations with her. When Appellant went to the proposed meeting place, law enforcement apprehended him. The two texts sent in July from Appellant to "Savanah," requesting that they have sexual relations, were the basis for the attempted sexual abuse of a child offense.

*Omission in the SJAR and Addendum to the SJAR*

The SJAR recommended the convening authority approve the sentence as adjudged. In his clemency submission, Appellant requested the convening authority reduce his confinement to 179 days. After reviewing Appellant's request, the addendum to the SJAR advised the convening authority the earlier recommendation to approve the sentence as adjudged was unaffected by Appellant's request. The convening authority denied Appellant's request and approved the sentence as adjudged.

For offenses occurring on or after 24 June 2014, a convening authority no longer has unfettered discretion to set aside findings or reduce adjudged sentences. For offenses after that date, a convening authority is prohibited from setting aside the finding of guilt unless the maximum sentence that could have been adjudged would not exceed two years without regard to the jurisdictional limits of the court; and the sentence did not include a punitive discharge or confinement for more than six months. Article 60(c)(4)(A), UCMJ, 10 U.S.C. §860(c)(4)(A);[2] *see* Air Force Instruction (AFI) 51-201, *Administration of*

---

[2] This limitation to a convening authority's power under Article 60, UCMJ, 10 U.S.C. § 860, was part of the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702, 127 Stat. 672, 955–56 (2013) (FY 14 NDAA). The FY14 NDAA amendments became effective on 24 June 2014, 180 days after the FY 14 NDAA was enacted.

*Military Justice*, ¶ 9.23.2 (6 June 2013) (as modified by Air Force Guidance Memorandum 2014-01 (25 September 2014)). Furthermore, unless a specific exception applies, a convening authority is prohibited from disapproving an adjudged punitive discharge or any portion of an adjudged sentence of confinement for more than six months. Article 60(c)(4)(A), UCMJ. To ensure convening authorities are properly advised on the limits to their authority, AFI 51-201 states that "the SJAR should contain a statement informing the convening authority what he/she cannot do under Article 60(c), UCMJ, for offenses committed on or after 24 June 2014 per Fiscal Year 2014 National Defense Authorization Act § 1702(b)." AFI 51-201, ¶ 9.16.3.

As the offense in this case occurred after 24 June 2014, the convening authority should have been advised that he did not have the authority to set aside the finding of guilt, disapprove the punitive discharge, or provide the requested relief of reducing the amount of confinement from the 8 months imposed by the military judge. Nevertheless, despite this omission, the convening authority considered Appellant's request, in full, and chose to approve the sentence as adjudged. As Appellant's clemency request received more consideration than the law allowed, we find no material prejudice to a substantial right of Appellant.[3]

*Conclusion*

The approved finding and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[4] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved finding and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[3] We do not address whether the result would remain the same if a convening authority attempted to provide clemency that he was not authorized to provide. That question is not raised by this case.

[4] We note the court-martial order (CMO), dated 20 April 2015, should have reflected Appellant's not guilty plea to Specification 1 of the Charge. *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 10.8.2.2 (6 June 2013). We therefore direct a corrected CMO. *See* AFI 51-201 ¶ 10.10.